UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RIVERS OF LIFE INTERNATIONAL
MINISTRIES, Individually and on behalf of all
others similarly situation,

    Plaintiff(s),

v.

GUIDEONE INSURANCE COMPANY,

    Defendant.

Case No: 1:22-cv-01114-STA-jay

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS OR, ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS

Plaintiff Rivers of Life International Ministries has filed a putative class action on behalf of policyholders in Tennessee and twelve other states against Defendant GuideOne Mutual Insurance Company,[1] with jurisdiction predicated on 28 U.S.C. § 1332(d)(2).[2] Defendant has filed a motion to dismiss Plaintiff's non-Tennessee claims for lack of subject matter jurisdiction or, alternatively, to strike the class allegations of the out-of-state purported class members. (ECF No. 18.) Plaintiff has filed a response to the motion (ECF No. 23), and Defendant has filed a reply to the response. (ECF

---

[1] Defendant states that it has changed its name from GuideOne Mutual Insurance Company to GuideOne Insurance Company. The Clerk of the Court is **DIRECTED** to modify the docket to show Defendant's name as GuideOne Insurance Company.

[2] This section provides that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which-
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant….

28 U.S.C.A. § 1332(d)(2)(A).

No. 24.) Subsequently, Plaintiff filed a notice of supplemental authority (ECF No. 25), and Defendant filed a reply to Plaintiff's notice. (ECF No. 26.) For the reasons set forth below, Defendant's motion is **GRANTED**.[3]

Background

Plaintiff Rivers of Life is a Tennessee nonprofit corporation with property in Grand Junction, Tennessee. It insured this property through GuideOne. After Plaintiff's property was damaged in a storm, GuideOne allegedly estimated the actual cash value ("ACV") of the damaged property by applying depreciation to its entire value and not just to the cost of the raw materials incorporated into it. According to Plaintiff, this was a breach of contract, and it seeks a declaratory judgment that GuideOne's policies prohibit depreciating the total value of property when calculating the ACV. Plaintiff does not allege that it owns property, purchased insurance, or suffered injury in any state but Tennessee. Although Plaintiff pleads a connection with Tennessee only, it seeks to represent a class of policyholders from twelve other states in which GuideOne has the same policy concerning the ACV of damaged property.[4]

Defendant argues that Plaintiff has no legitimate basis for representing out-of-state policyholders and asks the Court to dismiss Plaintiff's non-Tennessee claims for lack of standing, or, in the alternative, to strike out-of-state policyholders from the putative class. Because the Court finds that Plaintiff has no standing to bring the claims of the non-Tennessee policyholders, the Court will grant Defendant's motion on this basis and will pretermit ruling on Defendant's alternate request to

---

[3] Defendant acknowledges that Plaintiff has properly alleged a breach of contract claim against it in Tennessee.

[4] Plaintiff seeks to represent a class consisting of GuideOne policyholders in Arizona, California, Illinois, Kentucky, Louisiana, Mississippi, Missouri, Ohio, Tennessee, Texas, Vermont, Washington, and Wisconsin.

strike out-of-state policyholders from the putative class.[5]

Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action for lack of subject matter jurisdiction. Defendant's attack on Plaintiff's Article III standing constitutes a challenge to subject-matter jurisdiction because Article III "[s]tanding is a jurisdictional requirement," and "[i]f no plaintiff has standing, then the court lacks subject-matter jurisdiction." *Tennessee General Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). A facial attack, as raised here, "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis."[6] *Id.*

"Standing includes three constitutional requirements: 'a plaintiff must show: (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009). "A plaintiff

---

[5] The Court notes that Plaintiff could have a difficult time meeting the commonality requirement under Rule 23 of the Federal Rules of Civil Procedure. *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) (citation omitted) (emphasizing that, to warrant certification, class members must not only satisfy Article III standing requirements but must also "satisfy all four of the Rule 23(a) prerequisites — numerosity, commonality, typicality, and adequate representation — and fall within one of the three types of class actions listed in Rule 23(b)").

[6] "A facial attack on standing challenges the legal sufficiency of the complaint, whereas a factual challenge against standing questions whether the complaint's factual assertions reflect reality." *Shumway v. Neil Hosp., Inc.*, 2021 WL 5181754, at *1 (W.D. Tenn. Nov. 8, 2021) (citing *Ohio Nat. Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

3

bears the burden of demonstrating standing and must plead its components with specificity." *Id.* (quoting *Am. Civil Liberties Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004)).

The fact that a case is a class action "adds nothing to the question of standing" in that named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citation omitted). A plaintiff must "demonstrate standing for each claim [it] seeks to press," *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017)), because "standing is not dispensed in gross." *Lewis*, 518 U.S. at 358 n.6.

Defendant points out that "[i]t is well-settled that named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 291 (N.D. Ohio 2020) (cleaned up); *accord*, *e.g.*, *Withrow v. FCA US LLC*, 2021 WL 2529847, at *9 (E.D. Mich. June 21, 2021) (holding that named plaintiffs lacked "standing to bring claims under the law of states other than their home states or the ones where they bought" the product at issue); 1 *McLaughlin on Class Actions* § 4:28 (18th ed.) ("The named plaintiffs in a putative class action lack standing to assert claims under the laws of states in which they do not reside or in which they suffered no injury."). Defendant also notes that this principle applies to common law as well as statutory claims: a plaintiff who asserts common law causes of action on behalf of class members in multiple states asserts "one of each claim for each state," and must show standing for each of them. *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038–39 (S.D. Cal. 2020); *see also*, *e.g.*, *Flores v. FCA US LLC*, 2021 WL 1122216, at *25 (E.D. Mich. Mar. 24, 2021) ("Plaintiffs seek to represent a nationwide class but do not plead viable warranty or unjust enrichment claims under the laws of each of the fifty states.").

Analysis

Defendant argues that the Court should dismiss the portion of Plaintiff's complaint that asserts claims arising under the laws of states other than Tennessee for lack of standing. Because Plaintiff is a Tennessee resident holding a GuideOne policy covering Tennessee property, Defendant reasons that Plaintiff's claimed injury arises under Tennessee law, not the laws of Arizona, California, Illinois, Kentucky, Louisiana, Mississippi, Missouri, Ohio, Texas, Vermont, Washington, or Wisconsin. Plaintiff has responded that this Court is "fully capable of applying another state's contract laws." (Resp. p. 8, ECF No. 23.) Plaintiff also asks the Court to postpone its decision until after discovery and the class certification stage.

As for waiting until after discovery to rule on the standing issue, Plaintiff has identified no discovery the results of which might better inform the Court on this issue. And, as discussed above, Defendant has made a facial attack on the complaint which requires the Court to look at the face of the complaint to determine if Plaintiff has standing to bring the non-Tennessee claims. *See*, *e.g.*, *Ross v. Duggan*, 113 F. App'x 33, 44 (6th Cir. 2004) (finding that "no discovery was needed to resolve the facial legal insufficiency of the fifth and sixth counts" of the complaint).

The fact that Plaintiff seeks to proceed with its claims in a class action does not change the fundamental requirement of standing. "It is well settled that, at the outset of litigation, class representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer." *Rosen v. Tennessee Comm'r of Fin. and Admin.*, 288 F.3d 918, 928 (6th Cir.2002) (citation omitted).

As explained in *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548 (N.D. Ill. June 1, 2022),

> Postponing the threshold standing question until after discovery would accomplish nothing. Discovery cannot fix the fact that Plaintiffs have no injury under Arizona, Kentucky, Utah, or Wisconsin law. Like in *Smith-Brown* [*v. Ulta Beauty, Inc.*, 2019 WL 932022, at *5–6 (N.D. Ill. Feb. 26, 2019)], here, it would be inappropriate to

5

> engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt — namely, Plaintiffs' ability to assert causes of action created by other states for the benefit of other individuals injured in those other states. *Id.* at *6; *see also In re Wellbutrin XL*, 260 F.R.D. 143, 155 (2009) (concluding courts should not "allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery" before "proposing to represent the claims of parties whose injuries and modes of redress they would not share").

*Brown*, 2022 WL 2442548, at *3. Furthermore,

> [t]he alternative proposed by the plaintiffs would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union. At the conclusion of discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share. That would present the precise problem that the limitations of standing seek to avoid. The Court will not indulge in the prolonged and expensive implications of the plaintiffs' position only to be faced with the same problem months down the road.

*In re Packaged Ice Antitrust Litig.*, 779 F. Supp.2d 642, 654 (E.D. Mich. 2011) (quoting *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 E.D. Pa. 2008)). Accordingly, this Court finds no reason to delay a ruling on the standing issue.

Defendant contends that the Court should dismiss Plaintiff's out-of-state claims because Plaintiff lacks standing to assert claims on behalf of absent class members under the laws of states where it does not reside, owns no property, and has not been injured. Defendant argues that Plaintiff's own claim is dependent on Tennessee state law alone and that the Court will be called upon to resolve numerous open questions of state law if Plaintiff is allowed to proceed on the non-Tennessee claims.[7]

---

[7] Although the parties disagree as to the extent of the differing views of the thirteen states on the legal issue presented by Plaintiff in the complaint, *i.e.*, whether an insurer may depreciate all replacement costs in calculating ACV, they do agree that not all the thirteen states have the same view and that not all the states have decided the issue. (*Compare* Defendant's motion at pp. 9 – 11 *with* Plaintiff's response at p. 11.) *See also Brown*, 2022 WL 2442548, at *1 (describing these differing views as an "amorphous and chimeric landscape").

In response, Plaintiff posits that, as long as it has standing to pursue its own claims, it may also pursue different claims on behalf of non-Tennessee class members.

In support of its position, Plaintiff relies, in part, on *Hospital Authority of Metropolitan Government of Nashville v. Momenta Pharmaceuticals*, 333 F.R.D. 390 (M.D. Tenn. 2019), which determined that the plaintiffs had standing to bring antitrust claims under multiple states' antitrust statutes. In reaching that conclusion, the *Momenta* Court discussed the issue of standing in general by pointing out that "[t]hreshold individual standing is a prerequisite for all actions, including class actions" and "[a] potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action." *Id.* at 413 (citations omitted).

> The *Momenta* Court then looked to *In re Asacol*, 907 F.3d 42 (1st Cir. 2018), for guidance.
>
> In *Asacol*, the First Circuit focused on the "basic Article III requirement that a plaintiff possess 'such a personal stake in the outcome of the controversy as to assure... concrete adverseness.'" 907 F.3d at 49 (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). "So the question of standing is not: Are there differences between the claims of the class members and those of the class representative? Rather, the pertinent question is: Are the differences that do exist the type that leave the class representative with an insufficient personal stake in the adjudication of the class members' claims?" *Id.*

*Momenta*, 333 F.R.D. at 413-14. The Court determined that the plaintiff had standing to bring the class action because the statutes at issue were materially identical, and, thus, success "under one state's law will more or less dictate success under another state's law." *Id.* The Court even described the statutes as "parallel laws." *Id.* at 414.

> "[T]he fact that judgments for some class members will nevertheless enter under the laws of states other than the states under which any of the class representative' judgments will enter, where **those laws are materially the same**, has no relevant bearing on the personal stake of the named plaintiffs in litigating the case to secure such judgments." [*Asacol*, 907 F.3d at 49]. The Court has reviewed the differences in the state statutes that Plaintiffs assert claims under, and, contrary to Defendants' arguments, **the differences are not material**.

7

*Id.* (emphases added).

Neither *Momenta* nor *Asacol* are apposite here because, despite Plaintiff's argument to the contrary, the laws of the thirteen states in this case are not "materially the same."[8] Moreover, the laws of the non-Tennessee states are not relevant to Plaintiff's individual claims under Tennessee law. And, likewise, whether Plaintiff prevails under Tennessee law will have no impact on the non-Tennessee claims.

Plaintiff's reliance on *Morrison v. YTB International, Inc.*, 649 F.3d 533 (7th Cir. 2011), is also misplaced as discussed in *Brown v. Auto-Owners Insurance Company*.

> Plaintiffs suggest that they may assert out-of-state class claims so long as they have standing for their own in-state claims. *Morrison v. YTB International, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). But unlike in *Morrison*, Plaintiffs here assert claims arising under multiple state laws. *See Rivera v. Invitation Homes, Inc.*, 2019 WL 11863726, at *2 (N.D. Cal. June 19, 2019) (recognizing *Morrison*'s inapplicability to issue of named plaintiff's standing to bring out-of-state claims). Two other cases Plaintiffs cite are also distinguishable as neither case involved named plaintiffs suing to enforce the laws of states with which they had no connection. *See Block v. HZ Ops Holdings, Inc.*, 2020 WL 9749412 (N.D. Ill. Oct. 27, 2020) (Norgle, J.); *Texas Hill Country Landscaping, Inc. v. Caterpillar*, Inc., 522 F. Supp. 3d 402 (N.D. Ill. 2021). Furthermore, the Court finds Plaintiffs' cited out-of-circuit cases unpersuasive. *Cedarview*, 2021 WL 1206597 (rejecting pre-certification arguments that named plaintiffs lacked standing to assert out-of-state claims); *Shields* [*v. Metropolitan Prop. & Casualty Ins. Co.*], 2020 WL 7338065 (N.D. Miss. Dec. 14, 2020) (same); *Goble, et al. v. Trumbull Ins. Co.*, No. 2:20-cv-5577 (S.D. Ohio Apr. 21, 2022).

*Brown*, 2022 WL 2442548, at *3.[9]

---

[8] Plaintiff also attempts to rely on *Cedarview Mart, LLC v. State Auto Property & Casualty Co.*, 2021 WL 1206597, *3 (N.D. Miss. Mar. 30, 2021), which found standing in a case similar to the present one. However, in that case, the Court pointed out that "Cedarview has already shown significant similarities among the relevant laws of Mississippi, Tennessee, Ohio, and Kentucky on the issue of actual cash value and labor depreciation."

[9] In *Brown*, which was an almost identical class action to this case, Illinois plaintiffs brought breach of contract and declaratory judgment claims on behalf of Illinois, Arizona, Kentucky, Utah, and Wisconsin policyholders, asserting that the defendant insurer underpaid them by "including in the depreciation figure the entire replacement cost of the damaged property, including labor and

8

More persuasive are the cases cited by Defendant such as *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280 (N.D. Ohio 2020). The Court in *Szep* began by noting that "[i]t is well-settled that 'named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury.'" *Id.* at 291 (quoting *Siriano v. Goodman Mfg. Co.*, 2015 WL 12748033, at *2 (S.D. Ohio Aug. 18, 2015) (quoting *In re Packaged Ice Antitrust Litig.*, 779 F. at 657)). The Court then explained that

> [i]n this case, Szep is a resident of Ohio, and he is seeking to bring claims under the laws of Ohio. He also seeks to bring nationwide claims on behalf of current and former owners or lessees of a Class Vehicle that was purchased in the United States. However, Plaintiff does not assert that he suffered injury in any other state. As a result, the court finds that Szep does not have standing to maintain his nationwide class allegation under Count One. *See McKee* [*v. General Motors, LLC*], 376 F. Supp. 3d [751, 755 (E.D. Mich. 2019] (dismissing claims under laws of 26 states because no named plaintiff resided or purchased the relevant product in those states); *Johnson* [*v. Nissan North America*], 272 F. Supp. 3d [1168, 1175 (N.D. Cal. 2017] (dismissing the plaintiffs' nationwide MMWA claim for lack of standing). Consequently, the court dismisses Plaintiff's nationwide allegation in Count One.

*Szep*, 491 F. Supp.3d at 291 (record citations omitted); *see also In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2917365, at *7 (E.D. Mich. July 17, 2012) (dismissing claims asserted under certain states' laws because the complaint "contains no factual allegations that connect any injuries by the named [plaintiffs] to any causes of action arising in these states"); *Smith v. Lawyers Title Ins. Corp.*, 2009 WL 514210, at *3 (E.D. Mich. Mar. 2, 2009) (dismissing non-Michigan class claims for alleged breach of insurance policy because "besides the state of Michigan, the plaintiff has not alleged injury in any other state, nor are his claims based on the application of the laws of any other state").

---

materials." 2022 WL 2442548, at *1. The Court granted the defendant's motion to dismiss the non-Illinois claims for lack of standing, explaining that the "[p]laintiffs cannot possess the same interest or suffer the same injury shared by all members of the class they wish to represent where [they] have no connection to Arizona, Kentucky, Utah, or Wisconsin and suffered no injury under those states' laws." *Id.* at *2.

"To have standing to sue as a class representative it is essential that a plaintiff . . . possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974).  In the present case, the Court finds that Plaintiff does not.  Plaintiff suffered no injury in the other states and has no connection to those states. He could conceivably prevail on his Tennessee claim, while the plaintiffs from the twelve other states he seeks to represent do not prevail on their claims. That is, success under Tennessee law will not decide the claim under the laws of the other states. Therefore, the Court **GRANTS** Defendant's motion to dismiss all claims brought under non-Tennessee law. Plaintiff will be allowed to proceed on his Tennessee claims.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. Thomas Anderson
    Chief United States District Court Judge

    Date:  November 18, 2022.